hPER CURIAM.
Plaintiffs, Simmie P. Belonga and Isaac J. Belonga, filed the instant suit against several defendants, including relators, Walter E. Blessey, Jr. and Blessey Enterprises, Inc., seeking damages resulting from the sale and subsequent repossession of a vehicle purchased by them in 1998 from Crescent City Mazda, L.L.C., a corporation which plaintiffs allege is controlled by relators. During the course of discovery, plaintiffs requested production of seven categories of documents from re-lators, spanning ten years, which may be summarized as follows:
(1) Complete personnel files of all current and former employees;
(2) Documents for use at hearings and/or trial, especially any relied upon to prove contributory or comparative negligence or fault;
(3) Complete and correct listing pr clear descriptions of the names, interests, and titles/positions held at any time by all persons/entities herein;
(4) Detailed listing of all lawsuits in which defendants are/were involved;
(5) Information regarding the involvement of Blessey Enterprises and Mr. Blessey individually in the daily operations of the various corporations;
(6) Copies of all the operating/manager’s agreements or documents reflecting any and all memberships or ownerships or membership interests and any insurance policy that may have been applied for as well as issued;
| ¡¡(7) Financial statements and tax returns.
Relators filed a motion to quash and motion for protective order, arguing that plaintiffs’ request for documents over a ten-year period was overly broad. Alternatively, relators requested that the documents be limited to those establishing a link to this case.
The trial court denied relators’ motion to quash and motion for protective order, without assigning reasons. Relators applied to the court of appeal, which denied supervisory relief. This application followed.
The discovery statutes are to be liberally and broadly construed to achieve their intended objectives. Hodges v. Southern Farm Bureau Cas. Ins. Co., 433 So.2d 126 (La.1983). A party generally may obtain discovery of any information which is relevant to the subject matter involved in the pending action. La.Code Civ.P. art. 1422. There are limitations to this rule, however, when justice requires that a party or other person be protected from annoyance, embarrassment, oppression, or undue burden or expense. La. *1249 Code Civ.P. art. 1426; Laburre v. East Jefferson Gen. Hosp., 555 So.2d 1381 (La.1990).
A cursory review of plaintiffs’ requests for production indicate that in many instances, plaintiffs seek information of questionable relevance which has the potential to subject relators to annoyance, embarrassment, oppression, or undue burden or expense. For example, plaintiffs’ request for" complete personnel records of all of relators’ current and former employees for a ten-year period would involve records of persons who were not employed at the time of plaintiffs’ transaction, and in some cases had not been employed by relators for many years prior to plaintiffs’ transaction. Such evidence would have virtually no relevance to plaintiffs’ suit, but hwould clearly create an undue burden on relators. Likewise, plaintiffs’ request for a detailed listing of all lawsuits in which relators are or were involved for the last ten years and their request for relators’ tax returns and financial information over a ten-year period appears to seek some information which has little, if any, relevance to the instant case, and which may raise privacy considerations.
We recognize that the trial court has broad discretion in ruling on discovery matters. See, e.g., Adams v. Deaton, Inc., 97-1237 (La.6/30/97), 696 So.2d 997. However, under the facts as presented, we must conclude the trial court abused its discretion by denying relators’ motion to quash and motion for a protective order under La .Code Civ.P. art. 1426.
Accordingly, the writ is granted in part. The judgment of the trial court denying relators’ motion to quash and motion for protective order is vacated and set aside. The case is remanded to the trial court to conduct a detailed review of each of plaintiffs’ requests for production in light of the concerns expressed in this opinion, and to rule upon relators’ motion to quash and motion for protective order, supported by written reasons for judgment. In all other respects, the writ is denied.[1]

. Relators also seek review of the trial court’s judgment denying their motion for summary judgment and their motion to quash the deposition of Walter E. Blessey, Jr. Finding no basis to exercise our supervisory jurisdiction as to these rulings, we deny this portion of the application.