| .GUIDRY, J.
This appeal is taken from a judgment dismissing plaintiffs claims for unpaid wages, statutory penalties, and attorney *439 fees brought pursuant to La. R.S. 23:631, et seq.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Troy Evangelista, worked sporadically for defendant, U.S. Welding Service, Inc., for a total of six weeks in 2002. His last day of employment with defendant was June 4, 2002. At that time, he was owed several days wages. On October 17, 2002, plaintiff filed the instant suit seeking $505 in unpaid wages, as well as statutory penalties and attorney fees, for defendant’s alleged refusal to pay the wages owed. Thereafter, plaintiffs attorney also sent a letter to defendant demanding payment of the unpaid wages. In response, on or about November 5, 2002, defendant mailed two checks to plaintiffs attorney as payment for the wages due.
On November 22, 2002, trial was held on plaintiffs claims. The central disputed issue was whether plaintiff demanded his wages from defendant as required for imposition of statutory penalties under La. R.S. 23:632. The parties presented conflicting evidence on this issue.
Plaintiff testified that on his last day of employment, Mr. Gilbert Porche, II, defendant’s vice-president, made several accusations against him and told him to stay off the company’s property. Plaintiff stated he thereafter called defendant’s office several times and was told there was no check for him. He also claimed his mother went to defendant’s office on June 14, defendant’s regular payday, but was told the same thing. Plaintiff explained he was afraid to return to defendant’s property in person since Mr. Porche had forbidden him to return there, particularly after he was contacted by the police with regard to a criminal complaint filed by Mr. Porche alleging phone harassment by plaintiff. According to plaintiff, he then 13demanded his wages by sending a letter, dated June 10, 2002, to Mr. Porche requesting that his wages be immediately sent to him.
In direct opposition to plaintiffs testimony, Mr. Porche denied telling plaintiff to stay off the company’s property or filing a police complaint against him. Rather, Mr. Porche indicated that plaintiff simply walked off the job without .telling anyone, and never returned in person, sent his mother to pick up his checks, or called to inquire about his wages. According to Mr. Porche, on each of the next two regular paydays following plaintiffs departure (June 7 and 14, 2002) a check was issued in plaintiffs name for his remaining wages, and those checks remained at the company’s office where plaintiff customarily picked up his checks. He indicated the checks were available for plaintiff as of those dates, but he never came to get them.
Mr. Porche did admit receiving a letter purporting to be from plaintiff on June 13, 2002. However, he testified that, when he compared the signature on the letter to plaintiffs signature on his Form W-4, the signatures did not match. Due to this discrepancy, he was hesitant to comply with the request to mail the checks, despite the fact that the address on the letter was the same as the address in plaintiffs personnel records. Mr. Porche claimed he then attempted to telephone plaintiff to verify the authenticity of the request, but was unable to reach anyone.
On cross-examination, Mr. Porche acknowledged that some of defendant’s employees received their checks by mail instead of going into the office to get them. However, he indicated it was the company’s general policy to require prior written authorization for checks to be mailed, and plaintiff had never given such authorization. He testified plaintiff had always either picked his checks up in person at the *440 office or sent a family member to get them.
In its oral reasons for judgment, the trial court observed that the gist of this matter came down to “which side I’m going to believe.” In dismissing plaintiffs Uclaims, the trial court specifically accepted the testimony presented by the defense. Based on its credibility determination, the court rejected plaintiffs testimony that he had verbally demanded his unpaid wages in telephone calls to defendant’s office, as well as the evidence that his mother had attempted to pick up his wages at defendant’s office. Additionally, the trial court concluded the letter defendant received on June 13, 2002, was insufficient to alter the manner in which defendant customarily was paid, because it did not comply with defendant’s office policy for changing an employee’s manner of payment. Moreover, after examining the two signatures, the court observed that the last name signed on the letter was “totally unlike the other signature.” Thus, the court concluded Mr. Porche’s concern about mailing the checks was reasonable in light of the dubious signature on the letter. Implicit in the trial court’s determination was a finding that Mr. Porche did not act arbitrarily or in bad faith in continuing to hold plaintiffs checks at defendant’s office rather than mailing them. In effect, the trial court accepted the testimony of Mr. Porche that plaintiffs wages were timely tendered to him at the place where he was customarily paid, but that plaintiff simply failed to retrieve the checks.
Accordingly, the court rendered judgment dismissing plaintiffs claim for statutory penalties. After a hearing on plaintiffs Motion For Clarification of Judgment, the trial court rendered an additional judgment that dismissed plaintiffs claim for statutory attorney fees. The court cast defendant with all costs incurred' prior to November 6, 2002 and plaintiff with all costs incurred subsequent to that date.
Thereafter, plaintiff filed a Motion For New Trial or To Reopen The Case for Additional Evidence. Following a hearing, the trial court denied the motion, without assigning reasons. Plaintiff has now appealed.
' | ¿ASSIGNMENTS OF ERROR
1. The trial court committed legal error in failing to rule on whether plaintiff was owed any unpaid wages.
2. The trial court committed legal error in finding plaintiff was not entitled to attorney’s fees, even though defendant did not tender past due wages until after a rule was filed seeking to recover those wages.
3. The trial court committed manifest error in finding plaintiff was not entitled to penalty wages based on its. conclusion that defendant could reasonably disregard the demand letter it received.
4. The trial court abused its discretion in denying plaintiffs motion for new trial.

DENIAL OF MOTION FOR NEW TRIAL

On appeal, plaintiff argues the trial court abused its discretion in denying his motion for new trial, which was based on an allegation that Mr. Porche intentionally lied to the trial court when he denied filing a police complaint against plaintiff. A copy of a complaint filed by Mr. Porche against plaintiff on June 7, 2002, was attached to the motion. In opposition, defense counsel maintains the police report was not newly discovered evidence justifying the grant of a new trial, and that the trial court did not abuse its discretion in denying the motion. Defense counsel also *441 asserts that police reports generally are considered inadmissible hearsay.[1]
The peremptory grounds for granting a new trial are set forth in La. C.C.P. art.1972, including when new evidence important to the case has been discovered since trial. In addition, a discretionary basis for a new trial is set forth in La. | (¡C.C.P. art.1973, which authorizes the trial court to grant a new trial in any case in which there is good grounds for it. A proper application of this article necessitates an examination of the facts and circumstances of the individual ease. When the trial judge is convinced by his examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered. Lamb v. Lamb, 430 So.2d 51, 53 (La.1983). The trial court’s discretion in ruling on a motion for new trial is great, and its decision will not be disturbed on appeal absent an abuse of that discretion. Guidry v. Millers Casualty Insurance Company, 01-0001, pp. 4-5 (La.App. 1st Cir.6/21/02), 822 So.2d 675, 680. However, an appellate court will not hesitate to set aside the ruling of the trial court in a case of manifest abuse of that discretion. Campbell v. Tork, Inc., 03-1341, p. 4 (La.2/20/04), 870 So.2d 968, 971; Lamb, 430 So.2d at 53; La. C.C.P. art.1971, Official Comment (d).
At the hearing held in this case, plaintiffs counsel conceded the police report was not newly discovered evidence that warranted the peremptory grant of a new trial, but argued the trial court nevertheless should grant a new trial under La. C.C.P. art.1973. In brief, he contends the trial court abused it discretion in denying the motion in light of the evidence that Mr. Porche lied at trial on crucial issues. Plaintiff argues the police complaint establishes, contrary to Mr. Porche’s testimony, that plaintiff was actually “foreclosed from retrieving his check at the normal place” by Mr. Porche’s actions.
We note that the police complaint includes an attached witness statement signed by Mr. Porche, both dated June 7, 2002. In the statement, Mr. Porche asserted he warned plaintiff on June 6 “not to come on or call the business of [defendant],” but that plaintiff had since returned twice and called three times. The statement further claimed that plaintiff had no personal items on defendant’s property, and that plaintiff should “seek legal assistance” if he thought he did. However, Mr. Porche testified at trial that a paycheck was issued for plaintiff on 17June 7, which was one of defendant’s regular paydays, and was available for him to pick up on that date.
*442 A crucial factor in this case was the trial court’s rejection of plaintiffs testimony that the reason he did not go in person to demand his wages was that Mr. Porche had told him to stay off defendant’s property. Plaintiff also testified that he called defendant’s office several times, but stopped doing so when he was advised that Mr. Porche had filed a police complaint alleging phone harassment. The trial court’s judgment was based on a credibility determination in which it accepted the contrary testimony of Mr. Porche denying that he told plaintiff to stay off defendant’s property or that he filed a police complaint against plaintiff. These denials are patently inconsistent with the witness statement given by Mr. Porche.
A trial court has discretion under La. C.C.P. art.1973 to grant a new trial “in any case if there is good ground therefor.” Although the trial court has much discretion in determining if a new trial is warranted, an appellate court should not hesitate to set aside the ruling of the trial court in a case of manifest abuse of that discretion. Lamb, 430 So.2d at 53; Peters v. Hortman, 03-2597, p. 4 (La.App. 1st Cir.10/29/04), 897 So.2d 131. Our examination of the facts and circumstances of this case convinces us that the trial court’s denial of a new trial was a clear abuse of its discretion resulting in a miscarriage of justice, given the existence of the evidence raised in plaintiffs motion that impacted directed on the credibility of Mr. Porche, a key witness in this matter. As noted, a review of the witness statement he gave to the police reveals that it contains several statements inconsistent with his trial testimony. Moreover, these inconsistencies relate to issues that go directly to the core of plaintiffs claims. As the trial court specifically recognized in rendering judgment for defendant, this case turned largely on the court’s credibility determinations. Under these circumstances, we | Rconclude the trial court’s denial of a new trial was a manifest abuse of its discretion.

CONCLUSION

For the reasons assigned, we reverse the trial court’s denial of plaintiffs motion for a new trial and remand for further proceedings consistent with this opinion.[2] All costs of this appeal are assessed against defendant/appellee, U.S. Welding Service, Inc.
REVERSED AND REMANDED.
McCLENDON, J., concurs and assigns reasons.

. This argument is based on the fact that La. C.E. art. 803(8)(b)(i) provides that the general exemption of public records from the hearsay rule does not apply to investigative police reports. However, whether or not a police report is considered inadmissible hearsay generally depends upon the purpose for which it is offered into evidence. "Hearsay” is a statement, other than one made by the declarant testifying at the present trial, offered to prove the truth of the matter asserted. See La. C.E. art. 801C. Where a witness has made statements in a police report that are inconsistent with his trial testimony, the police report generally should be admissible, not to prove the truth of the matter asserted therein, but for the purpose of attacking the witness’ credibility by showing the prior inconsistent statement, provided a proper foundation has been laid. La. C.E. arts. 607(D)(2), 613 & 801(C). See also State v. Gabriel, 450 So.2d 611 (La.1984); State v. Arrington, 97-2059, pp. 10-11 (La.App. 4th Cir.4/21/99), 738 So.2d 1087, 1092-93. In the present case, plaintiff seeks to use the police complaint, not to prove the truth of the matters asserted therein, but to attack Mr. Porche's credibility by showing he made statements in the complaint inconsistent with his trial testimony.

. In view of this conclusion, we pretermit the remaining assignment of errors raised by plaintiff.