906 So.2d 721 (2005)
Charlie L. JACKSON
v.
HOME DEPOT, INC. and/or Home Depot, U.S.A., Inc.
No. 2004 CA 1653.
Court of Appeal of Louisiana, First Circuit.
June 10, 2005.
Rehearing Denied August 2, 2005.
*723 Charles B.W. Palmer, Amite, Counsel for Plaintiff/Appellant Charlie L. Jackson.
Michael P. Frugé, Luis A. Leitzelar, Baton Rouge, Counsel for Defendant/Appellee Home Depot U.S.A., Inc.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
McCLENDON, J.
Plaintiff appeals various judgments of the trial court dismissing his negligence and spoliation of evidence claims, denying his motion to view and inspect, and denying his motion for a new trial. For the following reasons, we amend and affirm as amended.

FACTUAL AND PROCEDURAL HISTORY
On March 27, 2000, plaintiff, Charlie L. Jackson, was shopping in the Home Depot store on Airline Highway in Baton Rouge, when someone transporting lumber on a cart ran into him, causing him to sustain serious injuries to his knees. On March 13, 2001, Mr. Jackson filed suit in forma pauperis seeking damages from Home Depot. He asserted that the incident rendered him totally disabled. According to Mr. Jackson's petition, he "believed" the person who ran into him was an employee of Home Depot, and he alleged that the store manager "came out and discussed the matter" with him and "told him he was sorry" that the incident had occurred. Mr. Jackson maintained that he had requested a copy of the accident report prepared by Home Depot, but that one was never forwarded.
Home Depot filed an answer generally denying Mr. Jackson's allegations and asserting various affirmative defenses, including fault of the plaintiff or a third party for whom Home Depot had no responsibility. Home Depot specifically stated that no action or inaction on its part was the cause of Mr. Jackson's injuries.
Thereafter, Home Depot filed a motion for summary judgment averring that Mr. Jackson could not establish the essential elements of his claim. In support of its motion, Home Depot submitted the deposition testimony of Mr. Jackson wherein he stated that he did not know if the person who ran into him with the cart was an employee of Home Depot. It also submitted the affidavit of Lloyd Cheatson, who stated that he took Mr. Jackson to Home Depot on the day the accident occurred. According to Mr. Cheatson's affidavit, he and Mr. Jackson were standing in line to return merchandise "when another customer pushed a store cart" into Mr. Jackson's leg. Based on Mr. Jackson's deposition testimony and Mr. Cheatson's affidavit, Home Depot claimed that Mr. Jackson could not prove that any substandard conduct by Home Depot was the cause of his injuries. The hearing on Home Depot's motion for summary judgment was set for February 9, 2004.
On February 2, 2004, Mr. Jackson filed an opposition to Home Depot's "Statement of Undisputed Material Facts" submitted in conjunction with its motion for summary judgment. Therein, Mr. Jackson conceded that it was "probably another customer" *724 (R 39) who pushed the cart into his legs and that it appeared that the store employees did not strike him (R 43). Moreover, he admitted that he received a copy of an "Incident Report" in February 2002. However, he maintained that Home Depot had a duty to prepare an "accident report" and collect the parties' names, addresses, and telephone numbers for this report. Mr. Jackson argued that Home Depot breached its duty to prepare an accident report and then withheld this fact from him for two years. He further claimed that Home Depot's failure to prepare an accident report must give rise to a presumption that the report would have been detrimental to Home Depot's interests.
On February 3, 2004, Mr. Jackson was granted leave of court to file a supplemental petition wherein he added a claim for Home Depot's "intentional or negligent" spoliation of evidence. Specifically, Mr. Jackson alleged:
[Home Depot's] failures have taken, or protected, the evidence, placing it "beyond the reach" of plaintiff, or in this case, the judge. They took no action to preserve those facts and evidence they said they would make available to anyone "on the scene," i.e., to the plaintiff, right after the plaintiff, Charlie Jackson, was struck by Home Depot's push cart, on their premises, on or about 3/27/00.

Also on February 3, 2004, Mr. Jackson filed a motion to continue the hearing on Home Depot's motion for summary judgment. Mr. Jackson claimed that the record was not complete and that he was still awaiting the transcripts of his deposition and the deposition of Home Depot's assistant manager, Ray Thomas. The court set Mr. Jackson's motion for contradictory hearing on February 9, 2004, the same date as Home Depot's summary judgment hearing.
On February 6, 2004, Mr. Jackson filed an "Opposition to Motion for Summary Judgment Brief On Behalf of Plaintiff." This opposition contained a certification indicating that it had been faxed to Home Depot's counsel on February 5, 2004. Although this opposition clearly was not timely under Uniform District Court Rule 9.9(b), it essentially reiterated Mr. Jackson's arguments in his opposition to Home Depot's statement of undisputed material facts, but added the new allegation that Home Depot's carts should have been equipped with bells or horns to properly warn customers.
On February 9, 2004, the trial court denied Mr. Jackson's motion for a continuance. The trial court noted that the case had been pending for almost two years and that most of the discovery, including the written discovery and the deposition of the plaintiff had been taken in 2002. Thus, the trial court concluded that Mr. Jackson failed to show how additional time would have allowed him to better defend Home Depot's motion. After hearing argument, the trial court then granted Home Depot's motion for summary judgment, dismissing Mr. Jackson's claims as set forth in his original petition. In doing so, the trial court relied on the case of Reinhardt v. Great Atlantic & Pacific Tea Co., Inc., 2002-319 (La.App. 5th Cir.9/30/02), 829 So.2d 600. However, the trial court noted that Mr. Jackson's subsequently filed supplemental petition asserting a claim for spoliation of evidence remained pending. Judgment was signed accordingly on February 18, 2004.
Mr. Jackson next filed a "Motion to View and Inspect," wherein he requested that he be allowed to view the files of Home Depot and their attorney in order to obtain needed evidence. In opposition to this motion, Home Depot argued that the documents Mr. Jackson wanted to view *725 simply did not exist. Home Depot claims that the only record it has related to Mr. Jackson's alleged accident is a "General Liability Loss Notice Form" its adjuster generated two months later and which Mr. Jackson referred to as an "Incident Report." Home Depot maintains that this document was forwarded to Mr. Jackson in February 2002. Mr. Jackson had previously admitted that he received an "Incident Report" in February 2002. Therefore, because Home Depot had already turned over the only responsive document it possessed, it asserted that Mr. Jackson's motion should be denied since there was simply nothing else to view or inspect. The trial court scheduled the matter for hearing on April 5, 2004.
In response to Mr. Jackson's "spoliation of evidence" claim, Home Depot filed a peremptory exception raising the objection of no cause of action. Home Depot asserted that a spoliation of evidence claim requires a finding that a party intentionally destroyed evidence; however, Mr. Jackson's only allegation was Home Depot's failure to preserve facts vis-a-vis an accident report. Home Depot further cited the Reinhardt case wherein the fifth circuit held that a store manager's failure to obtain the name and address of a shopper who ran into another customer did not constitute actionable negligence. Home Depot's exception also was scheduled for hearing on April 5, 2004.
At the April 5 hearing, the trial court denied Mr. Jackson's motion to view and inspect, finding it vague and open-ended. Moreover, the trial court determined that based on the affidavits and exhibits submitted by Home Depot, it had turned over the only responsive document that it possessed. Thereafter, the trial court addressed Home Depot's peremptory exception raising the objection of no cause of action. After reviewing Mr. Jackson's supplemental petition, the trial court noted that it failed to specify what particular piece of evidence Home Depot had intentionally destroyed. To the extent that Mr. Jackson claimed that Home Depot had a duty to prepare an accident report but failed to do so, the trial court questioned whether such a report could be considered "evidence." Even so, it concluded that, regardless of any internal rules, Home Depot had no legal duty to prepare the report, again citing the Reinhardt case. The trial court's ruling sustaining Home Depot's exception was memorialized in a written judgment dated April 8, 2004, which classified it and the judgment of February 18, 2004 as final appealable judgments. Mr. Jackson's request for a new trial was denied on May 28, 2004. Thereafter, Mr. Jackson devolutively appealed all of the judgments rendered by the trial court.

DISCUSSION
After reviewing Mr. Jackson's brief, we have distilled a number of arguments, many of which were not raised during the proceedings below. However, as a general rule, appellate courts may not address issues raised for the first time on appeal. Segura v. Frank, 93-1271 (La.1/14/94), 630 So.2d 714, 725, cert. denied sub nom., Allstate Ins. Co. v. Louisiana Ins. Guar. Ass'n, 511 U.S. 1142, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994). Therefore, we will address only those issues previously presented by the parties and considered by the trial court.
Mr. Jackson argues that the trial court erred in denying his motion for a continuance of Home Depot's motion for summary judgment. Louisiana Code of Civil Procedure articles 1601 et seq. provide for continuances in civil proceedings. Under La. C.C.P. art. 1602, a continuance is mandatory if the movant shows: 1) that he has been unable, with the exercise of *726 due diligence, to obtain evidence material to his case; or 2) a material witness has absented himself without the contrivance of the party applying for the continuance. In addition to the peremptory grounds set forth in La. C.C.P. art. 1602, the trial court has discretion to grant a continuance where there is good ground therefor. La. C.C.P. art. 1601; Landry v. Leonard J. Chabert Medical Center, XXXX-XXXX, p. 4 (La.App. 1st Cir.5/14/03), 858 So.2d 454, 460, writs denied, XXXX-XXXX, XXXX-XXXX (La.10/17/03), 855 So.2d 761.
The basis for Mr. Jackson's motion for a continuance was that he needed additional time for the court reporter to finish the transcripts of two depositions (his own and that of Home Depot's assistant manager, Ray Thomas) and to file all of his discovery into the record. At the hearing, counsel for Mr. Jackson admitted that he had a copy of the two depositions as well as a certified copy of one of them, although he alleged that one still needed to be read and signed.
Based on the record, we find that peremptory grounds for a continuance did not exist. Mr. Jackson did not allege that there was discovery that he was unable to obtain; rather, he argued that he simply needed to file it into the record. Nor were there any pending motions to compel. Even if discovery was ongoing, there is no absolute right to delay a motion for summary judgment until it is completed. Simoneaux v. E.I. du Pont de Nemours and Co., Inc., 483 So.2d 908, 912 (La.1986). Moreover, although Mr. Jackson claimed that he needed to obtain completed official transcripts of the depositions, he failed to show how they would be material in opposing Home Depot's motion, or that he had been unable to obtain them despite his exercise of due diligence. The record establishes that Mr. Jackson filed suit in March 2001. His deposition was taken in April of 2002. Home Depot did not file its motion for summary judgment until December 2003. However, Mr. Jackson did not take the deposition of Home Depot's assistant manager until January 2004. There was no reason that these depositions and/or transcripts could not have been obtained earlier had due diligence been exercised. Absent peremptory grounds, it was within the discretion of the trial court to grant or deny Mr. Jackson's motion for a continuance. Given the foregoing facts, we find no abuse of discretion.
The trial court subsequently granted Home Depot's motion for summary judgment based on the fact that Mr. Jackson was unable to prove that one of its employees ran into him. Mr. Jackson argued that Home Depot's failure to prepare an accident report must give rise to the presumption that the report would have been detrimental to it. In support of this argument, Mr. Jackson cited Martin v. T.L. James & Co., 237 La. 633, 112 So.2d 86 (1958); Martin v. Schwing Lumber & Shingle Co., 228 La. 175, 81 So.2d 852 (1955); and Cain v. Employers Casualty Co., 96 So.2d 527 (La.App. 2nd Cir.1957). On appeal, Mr. Jackson claims the trial court erred in failing to apply this presumption.
An appellate court's review of a summary judgment is a de novo review based upon the evidence presented at the trial court level and using the same criteria used by the trial court in deciding whether a summary judgment should be granted. Walston v. Lakeview Regional Medical Center, 99-1920, p. 3 (La.App. 1st Cir.9/22/00), 768 So.2d 238, 240, writ denied, 2000-2936 (La.12/15/00), 777 So.2d 1229. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled *727 to judgment as a matter of law. La. C.C.P. art. 966 B. Upon reviewing the cases cited by Mr. Jackson, we find them wholly distinguishable from the case at hand. None of these cases stand for the proposition that a party's failure to prepare an accident report renders it liable for physical injuries caused by a separate, unrelated party. Home Depot had no legal duty to prepare an accident report or record the names, addresses, and telephone numbers of the alleged tortfeasor or witnesses. Nor can it be said that Home's Depot's failure to prepare an accident report was the cause of Mr. Jackson's physical injuries. See Reinhardt v. Great Atlantic & Pacific Tea Co., Inc., 2002-319, p. 3 (La.App. 5th Cir.9/30/02), 829 So.2d 600, 602. Even if a presumption were to apply, the record is totally devoid of any evidence that a Home Depot employee ran into Mr. Jackson. Indeed, quite the opposite is true, and Mr. Jackson conceded that it was probably another customer who ran into him. Accordingly, we find the summary judgment granted in favor of Home Depot dismissing Mr. Jackson's original claim was properly granted.
The trial court also denied Mr. Jackson's motion to view and inspect the files of Home Depot and its attorney. Home Depot maintained that it had already forwarded to Mr. Jackson the only document it had related to the alleged incident, the General Liability Loss Notice Form, which Mr. Jackson referred to as the "Incident Report." At the hearing on the motion, counsel for Mr. Jackson maintained that he needed to review Home Depot's files to ascertain any internal rules that addressed the need for accident reports to be prepared. He also questioned whether surveillance tapes might exist. However, these items were neither specified in Mr. Jackson's motion to view and inspect, nor were they referenced in the interrogatories and requests for production of documents Mr. Jackson propounded to Home Depot. Accordingly, we agree with the trial court's assessment that Mr. Jackson's motion was vague and overbroad.[1] Moreover, Home Depot submitted evidence that it had turned over the only relevant document that it possessed. Considering the foregoing facts and the broad discretion allowed the trial court in ruling on discovery matters, we find that the trial court did not abuse its discretion in overruling plaintiff's motion. See Belonga v. Crescent City Dodge, L.L.C., XXXX-XXXX, pp. 2-3 (La.3/9/01), 781 So.2d 1247, 1248-49 (per curiam).
The trial court also sustained Home Depot's peremptory exception raising the objection of no cause of action as to the spoliation of evidence claim asserted in Mr. Jackson's supplemental petition. The function of an exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La. 1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action, and all well-pleaded allegations of fact are accepted by the court as true. La. C.C.P. art. 931. Thus, the only issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Perere v. Louisiana Television Broadcasting Corporation, 97-2873, p. 3 (La.App. 1st Cir.11/6/98), 721 So.2d 1075, 1077.
*728 In reviewing a trial court's ruling sustaining an exception raising the objection of no cause of action, the appellate court should subject the case to a de novo review. The exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Fink v. Bryant, XXXX-XXXX, p. 4 (La.11/29/01), 801 So.2d 346, 349.
The theory of spoliation of evidence refers to an intentional destruction of the evidence for the purpose of depriving the opposing parties of its use. Randolph v. General Motors Corp., 93-1983 (La.App. 1st Cir.11/10/94), 646 So.2d 1019, 1027, writ denied, 95-0194 (La.3/17/95), 651 So.2d 276. A cursory review of Mr. Jackson's supplemental petition reveals a lack of well-pleaded facts that would support a spoliation of evidence claim. Mr. Jackson does not clearly refer to any particular piece of evidence that he alleges actually existed and which Home Depot intentionally destroyed in order to deprive him of its use. Vague references, suppositions, and legal conclusions cannot take the place of succinct and definite facts upon which a cause of action must depend.
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, the action, claim, demand, issue, or theory shall be dismissed. La. C.C.P. art. 934.
In the case sub judice, Mr. Jackson has argued that an "accident report" was never prepared and this appears to be the basis of his spoliation claim. However, we note that if an accident report never existed, it could not be intentionally destroyed by Home Depot, and therefore could not serve as the basis for a valid spoliation of evidence claim. Nevertheless, we are constrained from considering any evidence outside the allegations of the supplemental petition, including Mr. Jackson's assertions regarding the accident report. Therefore, we find that Mr. Jackson should be afforded an opportunity to amend his petition to remove the grounds for the objection, if he can, by setting forth specific facts that would support a valid spoliation of evidence claim.
Finally, Mr. Jackson contends that the trial court improperly overruled his motion for a new trial. The peremptory grounds for granting a new trial are set forth in La. C.C.P. art. 1972 which states:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
In addition, a discretionary basis for a new trial is set forth in La. C.C.P. art. 1973, which authorizes the trial court to grant a new trial in any case in which there are good grounds for it. Evangelista v. U.S. Welding Service, Inc., 2003-2824, pp. 5-6 (La.App. 1st Cir.12/30/04), 898 So.2d 438, 440-41. The trial court's discretion in ruling on a motion for new trial under this article is great, and its decision will not be disturbed on appeal absent an abuse of that discretion. Guidry v. Millers Casualty Insurance Company, XXXX-XXXX, pp. 4-5 (La.App. 1st Cir.6/21/02), 822 So.2d 675, 680. Based upon our review of the record, and excepting our determination that Mr. Jackson should be afforded an opportunity to *729 amend his supplemental petition, we find no peremptory grounds for a new trial, nor do we find that the trial court abused its discretion in denying Mr. Jackson's motion.

DECREE
For the foregoing reasons, the judgment of the trial court sustaining Home Depot's peremptory exception raising the objection of no cause of action is amended insofar as it dismissed Mr. Jackson's claims with prejudice. Accordingly, Mr. Jackson is afforded an opportunity to remove the grounds for the exception, if he can, by amending his petition to set forth specific facts that would support a valid spoliation of evidence claim. In all other respects, the judgments of the trial court are affirmed. Plaintiff, Charlie L. Jackson, is cast with all costs of this appeal.
AMENDED AND AFFIRMED AS AMENDED.
GAIDRY, J., concurs.
GUIDRY, J., concurs.
NOTES
[1] Having reached this conclusion, we find it unnecessary to engage in a duty risk analysis to determine whether any purported internal rule requiring the preparation of an accident report would give rise to any duty by Home Depot to customers and other invitees.