NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0192

*MRT by JEW*

NATIONSTAR MORTGAGE, LLC

VERSUS

THE UNOPENED SUCCESSION OF MICHAEL FREDERICK KEHOE
A/K/A MICHAEL FREDERICK KEHOE A/K/A MICHAEL K.
FREDERICK A/K/A MICHAEL FREDERICK AND JUDY SAVELL
KEHOE A/K/A JUDY S. KEHOE A/K/A JUDY KEHOE

*Judgment Rendered:*   NOV 0 1 2021

* * * * * * * *

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2016-10652

The Honorable William H. Burris, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Clint L Pierson, Jr.<br>Covington, Louisiana<br>Patricia R. Fox<br>Covington, Louisiana<br>E.B. Dittmer, II<br>Mandeville, Louisiana | Counsel for Defendant/Appellant<br>Judy Savell Kehoe |
| Ronnie J. Berthelot<br>Corey J. Giroir<br>Baton Rouge, Louisiana<br>Herschel C. Adock, Jr.<br>Patricia Blankenbaker<br>Mitchell Dickson<br>Baton Rouge, Louisiana | Counsel for Plantiffs/Appellees<br>Nationstar Mortgage, LLC and<br>U.S. Bank Trust, N.A., Trustee |

* * * * * * * *

*PMC by JEW*   BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.

*Mc Clendon J. concurs in the result reached by the majority*

*JEW Welch J. concurs and assigns reasons*

**THERIOT, J.**

Judy Savell Kehoe ("Ms. Kehoe") appeals the summary judgment by the Twenty-Second Judicial District Court, which was granted in favor of the appellees, Nationstar Mortgage, LLC ("Nationstar") and U.S. Bank and Trust, N.A., solely in capacity as the Trustee of LSF9 Master Participation Trust ("U.S. Bank"), and dismissed Ms. Kehoe's claims with prejudice. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On September 20, 2007, Ms. Kehoe borrowed $258,000.00 to refinance the property she and her husband, Michael Kehoe, had purchased years before. On that same date, Ms. Kehoe executed a note for the borrowed amount. The note was secured by a mortgage on the property, which was executed by Ms. Kehoe on September 21, 2007.[1] The mortgage indicated that the borrower was "Judy Savell Kehoe, widow of Michael Rederick Kehoe, deceased on May 21, 2004," and described Ms. Kehoe's marital status as married. The note was made payable to the original mortgagee, Countrywide Bank, FSB ("Countrywide"). Ms. Kehoe struck through Michael's name on the note and mortgage and wrote "deceased May 21[,] 2004 jsk." Countrywide did not change the property description to reflect Ms. Kehoe's actual ownership interest.

The note changed hands over the years, and Nationstar became the holder on October 16, 2012. Ms. Kehoe failed to pay the note, so Nationstar filed a petition for executory process on February 17, 2016. On April 11, 2016, Ms. Kehoe filed an exception of prescription, alleging that the claim was prescribed. However, she withdrew the motion before the hearing was held. On May 20, 2016, a letter

---

[1] The mortgage contains a confession of judgment, providing for the acceleration of the amount secured and the sale of the property in the event of a default on the loan. On October 24, 2007, the mortgage was recorded in the mortgage records of St. Tammany Parish.

indicating that Nationstar sold the note and mortgage to LSF9 Master Participation Trust ("Trust") was sent to Ms. Kehoe.

In response to the sale of the note and mortgage, on June 10, 2016, Ms. Kehoe filed a peremptory exception of no right of action and a motion to arrest executory process. The trial court set Ms. Kehoe's exception and motion for hearing on June 28, 2016. Regarding Ms. Kehoe's exception of no right of action, Ms. Kehoe argued that Nationstar was not the proper party in this action because it sold the note and mortgage to Trust. Nationstar argued that it is not proper procedure to file an exception in response to a petition for executory process. The court found that an exception is not a proper vehicle to address executory process, and denied the exception.

With respect to Ms. Kehoe's motion to arrest executory process, Ms. Kehoe based her arguments off of her exceptions of prescription and no right of action and argued that a temporary restraining order should be issued. The trial court denied the motion to arrest executory process. At the end of the hearings, Ms. Kehoe filed a motion to exercise the right of redemption. She argued that she had a right to buy the note and mortgage from Trust for the same price that Trust paid Nationstar because it was the sale of a litigious right. The court set this motion for hearing on July 28, 2016. However, the hearing was continued, and eventually, the trial court denied Ms. Kehoe's motion to exercise the right of redemption as moot.

The property was sold at sheriff's sale on June 29, 2016. On July 7, 2016, Ms. Kehoe filed a Petition to Set Aside and/or Annul Sheriff's Sale and to Compel the Redemption of Assigned Litigious Rights. On March 7, 2018, Ms. Kehoe filed a motion to substitute party defendant. U.S. Bank was substituted as defendant in place of Trust.

On January 25, 2019, Nationstar and U.S. Bank filed a motion for summary judgment as to Ms. Kehoe's petition. They argued that Louisiana's Commercial

Laws applied in this case, not Louisiana Civil Code article 2652 governing the sale of litigious rights. Ms. Kehoe sought a continuance of the motion for summary judgment because she was waiting for additional discovery regarding how much Trust paid Nationstar to buy the note and mortgage. The trial court denied the request for a continuance. In opposition to the motion for summary judgment, Ms. Kehoe argued that she should have the right to purchase the note and mortgage for the price Trust paid to Nationstar because it was the sale of a litigious right.

After a hearing on August 21, 2019, the trial court granted the motion for summary judgment and dismissed Ms. Kehoe's petition with prejudice. In its oral reasons, the court found that Louisiana Civil Code article 2652 regarding the sale of litigious rights does not apply because the Uniform Commercial Code articles are more specific regarding commercial paper. The trial court noted that the lack of discovery in this case regarding the particular amount paid by Trust for the note and mortgage was not applicable. The trial court signed a judgment in accordance with its ruling on October 1, 2019. It is from this judgment that Ms. Kehoe appeals.[2]

## ASSIGNMENT OF ERROR

Ms. Kehoe contends that the trial court erred in granting the motion for summary judgment filed by Nationstar and U.S. Bank. Specifically, she asserts the

---

[2] In this case, Ms. Kehoe filed a pleading titled "Motion for Rehearing," the substance of which was a request for a new trial on the motion for summary judgment. It has long been recognized that a court will look to the import of a pleading and not be bound by the title. Every pleading is to be construed so as to do substantial justice. La. C.C.P. art. 865. The caption of the pleading does not control. Rather, the court is obligated to determine the substance of the pleading. *Smith v. Cajun Insulation, Inc.*, 392 So. 2d 398, 402 (La. 1980).

The established rule in this circuit is that the denial of a motion for new trial is an interlocutory and non-appealable judgment. *McKee v. Wal-Mart Stores, Inc.*, 2006-1672 (La. App. 1 Cir. 6/8/07), 964 So. 2d 1008, 1013, *writ denied*, 2007-1655 (La. 10/26/07), 966 So. 2d 583. However, the Louisiana Supreme Court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well, when it is clear from the appellant's brief that she intended to appeal the merits of the case. *Carpenter v. Hannan*, 2001-0467 (La. App. 1 Cir. 3/28/02), 818 So. 2d 226, 228-29, *writ denied*, 2002-1707 (La. 10/25/02), 827 So. 2d 1153. It is obvious from Ms. Kehoe's appellate brief that she intended to appeal the judgment on the merits – the October 1, 2019 judgment granting Nationstar and U.S. Bank's motion for summary judgment. The granting of a motion of summary judgment is a final, appealable judgment. La. C.C.P. art. 1915(A)(3). Thus, we will treat the appeal accordingly.

issues of (1) whether the executory proceeding used by Nationstar was fatally flawed; and (2) whether Louisiana Civil Code article 2652 applies to promissory notes.

## STANDARD OF REVIEW

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Murphy v. Savannah*, 2018-0991 (La. 5/8/19), 282 So. 3d 1034, 1038 (per curiam). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4). However, the court shall consider any documents filed in support of or in opposition to the motion for summary judgment to which no objection is made. La. C.C.P. art. 966(D)(2).

The burden of proof on a motion for summary judgment rests with the mover. La. C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1).

Appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Leet v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.*, 2018-1148

(La. App. 1 Cir. 2/28/19), 274 So. 3d 583, 587. In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to make a credibility determination, but instead to determine whether or not there is a genuine issue of material fact. *Collins v. Franciscan Missionaries of Our Lady Health Sys., Inc.*, 2019-0577 (La. App. 1 Cir. 2/21/20), 298 So. 3d 191, 194, *writ denied*, 2020-00480 (La. 6/22/20), 297 So. 3d 773. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, summary judgment is appropriate. *Collins*, 298 So. 3d at 194-195. A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Simply put, a "material" fact is one that would matter at a trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. *Collins*, 298 So. 3d at 195.

## DISCUSSION

Ms. Kehoe contends that genuine issues of material fact existed as to whether there were fatal defects in the executory proceeding, rendering it null. First, Ms. Kehoe argues that different legal descriptions attached to the mortgage and the petition for executory process constitutes a fatal defect.[3] In response, Nationstar and U.S. Bank argue that this is the first time that Ms. Kehoe raises this issue, so it may not be considered by this court. As a general rule, appellate courts will not consider issues that are raised for the first time on appeal. *Jackson v. Home Depot, Inc.*, 2004-1653 (La. App. 1 Cir. 6/10/05), 906 So. 2d 721, 725. After reviewing the record, we note that the issue of defects with the property descriptions in the executory proceeding is raised for the first time on appeal. Thus, this issue will not be addressed.

---

[3] In its petition for executory process, Nationstar described the mortgaged property as "an undivided one-half interest in the following described property." However, in the legal description attached to the mortgage, there is no indication that the mortgage burdens only an undivided one-half interest of the property.

Second, Ms. Kehoe argues that Nationstar was not the proper party plaintiff because it sold the note and mortgage to Trust before the sheriff's sale took place. This issue was addressed by a previous filing in the trial court. Ms. Kehoe filed a motion to substitute party defendant, and U.S. Bank, the trustee, was substituted as the proper party on March 13, 2018. Therefore, this issue lacks merit.

Ms. Kehoe next argues that the trial court erred in granting the motion for summary judgment, finding that Louisiana Civil Code article 2652 does not apply. Nationstar and U.S. Bank, as movers, have the initial burden of proof on the motion for summary judgment. However, in this matter, Nationstar and U.S. Bank will not bear the burden of proof at trial; the burden of proof rests with Ms. Kehoe. Accordingly, Nationstar and U.S. Bank need only point out to the trial court the absence of factual support for one or more elements essential to Ms. Kehoe's claim under Louisiana Civil Code article 2652. Thereafter, the burden shifts to Ms. Kehoe to produce factual support sufficient to establish the existence of a genuine issue of material fact, or that Nationstar and U.S. Bank are not entitled to judgment as a matter of law. See La. C.C.P. art. 966(D)(1).

Nationstar and U.S. Bank argued that Louisiana's Commercial Laws govern this type of transaction, and Louisiana Civil Code article 2652 does not apply. In support of their motion for summary judgment, Nationstar and U.S. Bank submitted the affidavit of Alma Shalchi ("Ms. Shalchi"). Ms. Shalchi is an employee of Caliber Home Loans, Inc., who is the servicing agent and attorney in fact for U.S. Bank, as trustee for Trust. She testified that she reviewed the promissory note and mortgage that was executed by Ms. Kehoe and subsequently acquired by Trust. Ms. Shalchi further testified that Ms. Kehoe's loan was a part of a "pool" of loans that Trust bought from Nationstar, and the notes and mortgages were found to be in regular order without notice of any claims or defenses.

7

In opposition to the motion for summary judgment, Ms. Kehoe argued that there was a genuine issue of material fact as to how much Trust paid to buy the note and mortgage from Nationstar. She asserted that the price paid was a material fact because it was necessary for her to know the price to redeem the sale of the litigious right.

The sale of litigious rights is addressed by Louisiana Civil Code article 2652. "When a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment. A right is litigious, for that purpose, when it is contested in a suit already filed." La. C.C. art. 2652; *Regions Bank v. 47204, LLC*, 2017-1705 (La. App. 1 Cir. 6/1/18); 2018 WL 2454472, at *3 (unpublished). A right transferred after suit is instituted and an answer filed thereto, and before the judgment therein is final, is a litigious right, since there is a suit and contestation thereon. *Regions Bank*, 2018 WL 2454472, at *3 (unpublished); see also *Martin Energy Co. v. Bourne*, 598 So. 2d 1160, 1162 (La. App. 1 Cir. 1992).

As mentioned above, Ms. Kehoe argued that the sale of the note and mortgage from Nationstar to Trust, after Nationstar filed a petition for executory process, was the sale of a litigious right. In support of her position, Ms. Kehoe cited *Regions Bank v. St. James Hotel, L.L.C.*, 2013-1628 (La. App. 4 Cir. 6/4/14), 144 So. 3d 50, *writ denied*, 2014-1450 (La. 10/10/14), 151 So. 3d 585, and *Luk-Shop, L.L.C. v. Riverwood LaPlace Associates, L.L.C.*, 2001-2446 (La. 1/4/02), 802 So. 2d 1291 (per curiam).

Ms. Kehoe argued that these cases show that Louisiana Civil Code article 2652 applies to the sale of a promissory note during litigation. Both *Regions Bank* and *Luk-Shop* hold that Louisiana Civil Code article 2652 applies to the sale of a promissory note during litigation when the debt is contested. *Regions Bank* and *Luk-Shop* are distinguishable from this case because, here, Ms. Kehoe did not

8

contest that she owed the debt. See *Regions Bank*, 144 So. 3d at 53-54 and *Luk-Shop, L.L.C.*, 802 So. 2d at 1292-1293.

Ms. Kehoe would have had to contest that she owed the debt for the sale of the note and mortgage to become the sale of a litigious right. Initially, Ms. Kehoe did contest the debt by filing the exception of prescription, but she withdrew the exception before it could be heard.[4] Other motions and exceptions were filed by Ms. Kehoe before the sheriff's sale; however, she did not contest that she owed the debt in any of those filings. Therefore, Ms. Kehoe does not have the right to redeem the obligation under Louisiana Civil Code article 2652.

Since Ms. Kehoe does not have the right to redeem the obligation, the price Trust paid to Nationstar to buy the note and mortgage is not relevant and, thus, is not a material fact for the purposes of summary judgment. Further, even if the sale of the note and mortgage from Nationstar to Trust would have constituted the sale of a litigious right under the Louisiana Civil Code, Ms. Kehoe's petition seeking to redeem the right was not timely filed. Revision Comments--1993, Comment (b) to Louisiana Civil Code article 2652 states "a party seeking to redeem a litigious right that has been transferred must be prompt in making his intention known." Here, the sheriff's sale took place on June 29, 2016, and Ms. Kehoe filed her Petition to Set Aside and/or Annul Sheriff's Sale and to Compel the Redemption of Assigned Litigious Rights on July 7, 2016. Thus, any rights under Louisiana Civil Code article 2652 were mooted by the sheriff's sale.

Therefore, we find no error by the trial court in finding that there is no genuine issue of material fact, and Nationstar and U.S. Bank were entitled to judgment as a matter of law.

---

[4] Ms. Kehoe moved to withdraw the exception of prescription in open court before the hearing held on June 28, 2016.

**DECREE**

The summary judgment granted by the Twenty-Second Judicial District Court in favor of the appellees, Nationstar and U.S. Bank, and against the appellant, Ms. Kehoe, is affirmed. All costs of this appeal are assessed to Ms. Kehoe.

**AFFIRMED.**

| NATIONSTAR MORTGAGE, LLC | 2021 CA 0192 |
| --- | --- |
| VERSUS | FIRST CIRCUIT |
| THE UNOPENED SUCCESSION OF MICHAEL FREDERICK KEHOE A/K/A MICHAEL FREDERICK KEHOE A/KA/ MICHAEL K. FREDERICK A/K/A MICHAEL FREDERICK AND JUDY SAVELL KEHOE A/K/A JUDY S. KEHOE A/K/A JUDY KEHOE | COURT OF APPEAL STATE OF LOUISIANA |

**WELCH, J., concurring in the result.**

*JŁW*

I concur in the result only. I agree with the majority that if that sale of the note and mortgage from Nationstar to Trust constituted the sale of a litigious right under La. C.C. art. 2652, Ms. Kehoe's petition seeking to redeem a litigious right was not timely filed. Thus, I agree that Ms. Kehoe's petition seeking to compel the redemption of a litigious right was properly dismissed due to untimeliness.

However, in granting Nationstar and U.S. Bank's motion for summary judgment and declaring that the Uniform Commercial Code governs the transaction at issue and that La. C.C. art. 2652 governing the sale of litigious rights does not apply, the trial court painted with too broad a brush. Nowhere in Nationstar and U.S. Bank's motion for summary judgment or memorandum in support did the appellees pray for a declaration or specifically request that the trial court declare that the Uniform Commercial Code applied to the instant matter over La. C.C. art. 2652. Such a prayer for relief is required by La. C.C.P. art. 966(A)(1) and (F).

For these reasons, I respectfully concur in the result only.

1