829 So.2d 600 (2002)
Jean REINHARDT
v.
The GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. d/b/a SAV-A-Center Food Market.
No. 02-CA-319.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2002.
*601 Michael J. Begoun, Dennis D. Spurling, New Orleans, LA, for Plaintiff-Appellant.
Robert E. Peyton, Robert D. Peyton, New Orleans, LA, for Defendants-Appellees.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and THOMAS F. DALEY.
EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Jean Reinhardt, plaintiff-appellant, from a summary judgment dismissing her suit against The Great Atlantic & Pacific Tea Co., Inc. for injuries sustained when she was struck by a motorized shopping cart operated by another patron in one of defendant's grocery stores. For the following reasons, we affirm that judgment.
The facts as represented by plaintiff in her petition and subsequent deposition are these. She was standing in the checkout line of the grocery store and the clerk was totaling up her groceries. A woman was behind her in a motorized shopping cart provided by the store for the elderly and disabled. As this woman was putting her groceries on the conveyor belt, the motor of the cart engaged and the basket struck plaintiff, allegedly causing injuries to her knee and back. Plaintiff testified in deposition that the woman told her at the scene that her sleeve caught in the controls of the cart by accident and caused it to go forward. Neither plaintiff nor the store staff got the name, address or phone number of the woman, and she is therefore not available for further questioning. No one else has any other idea of why the cart may have moved forward.
The store manager testified in deposition that the store had four motorized carts. Its policy was to give a key to anyone who requested it and who appeared to be disabled in some way. Unless asked, store personnel would not give further instructions on how to operate the machines. He also testified that because none of the store staff had been involved in the accident, he did not think it necessary to get the elderly woman's name.
Plaintiff's suit was filed on August 25, 2000, and answered by defendant on October 17, 2000. Two months later, on December 20, defendant urged its motion for summary judgment. After several continuances, the motion was finally taken up on November 19, 2001. Judgment granting defendant's motion was signed on December 4, 2001. Plaintiff now appeals.
Article 966 of the La.Code Civ. Pro. generally provides that summary judgment shall be granted when the various papers on file show that there are no disputes as to material facts and that the moving party is entitled to judgment as a matter of law. Paragraph C(2), pertinent here, states:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the *602 adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
In Daye v. General Motors Corp., 97-1653 (La.9/9/98), 720 So.2d 654, 659, the court reiterated the analysis applicable to negligence actions as follows:
The duty-risk analysis is employed on a case by case basis. Plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant and the risk of the harm was within the scope of the protection afforded by the duty breached. . . . Generally, the outset determination in the duty-risk analysis is cause-in-fact. (citations omitted)
If the answer to any of the above questions is no, there can be no liability in tort. Also, for purposes of summary judgment, the plaintiff must produce evidence which will go toward establishing each of these elements at trial
Here, plaintiff urges first that the conduct which renders defendant liable is its failure to instruct the elderly woman in the proper operation of the cart. However, even assuming that the grocery store should have given such instruction, its failure to do so is not causally related to the accident. Plaintiff's only factual explanation for the incident is not that the woman did not know how to operate the cart safely, but rather that her sleeve inadvertently activated the controls.
Plaintiff's second argument is difficult to grasp. She asserts that the failure of the store manager to obtain the name and address of the elderly woman constituted actionable negligence. Again, this action on the part of defendant has no causal relationship with the accident in question and thus cannot form the basis of tort liability.
Plaintiff's third argument, that the cart was somehow defective, is equally without merit. As indicated above, La. Code Civ. Pro., Art 966C(2) mandates that in response to the summary judgment motion the party bearing the burden of proof at trial must come forward with evidence of essential elements of her case which if unrefuted will met her evidentiary burden at trial. Although the motion was pending for almost a year, plaintiff presented absolutely no evidence by the time the matter was heard to indicate that there was any defect in the cart.
On the above showing we can only conclude, as did the trial judge, that there are no material facts in dispute in this case, and that defendant is entitled to judgment as a matter of law. We therefore affirm the judgment of the district court dismissing plaintiff's suit.
AFFIRMED AND DISMISSED.