JACKIE MCMANUS, ET UX.
v.
BROOKSHIRE GROCERY COMPANY D/B/A SUPER ONE FOODS, ET AL.
No. CA 09-581.
Court of Appeals of Louisiana, Third Circuit.
December 16, 2009.
NOT DESIGNATED FOR PUBLICATION
DAVID A. HUGHES, Hughes & LaFleur, Counsel for Defendant/Appellee: Brookshire Grocery Company.
VINCENT ROSS CICARDO, Cicardo Law Firm, Counsel for Plaintiff/Appellant: Jackie McManus, Jesse McManus.
LACEY H. EDWARDS, Gold, Weems, Bruser, Sues & Rundell Counsel for Defendant/Appellee: Amigo Mobility International.
Court composed of COOKS, SAUNDERS and GREMILLION, Judges.
GREMILLION, Judge.
Jackie and Jessie McManus appeal the summary judgment granted in favor of Brookshire Grocery Company, d/b/a Super 1 Foods. For the following reasons, we affirm.

FACTS
On August 24, 2004, the McManuses were shopping at Super 1 Foods store 609 in Pineville, Louisiana. As they were about to leave the checkout line, Ms. McManus was struck by an Amigo Smart Shopper motorized shopping cart driven by Ms. John McCain. As a result of the collision, Ms. McManus fractured her pelvis.
The McManuses instituted these proceedings against Brookshire and McCain. In their petition, the McManuses allege Brookshire owns Super 1 Foods and supplies the Amigo carts to patrons. The negligence alleged is Brookshire's failure to instruct patrons on the proper use of the carts, failure to adequately supervise those patrons and failure to convey the warnings provided by the manufacturer.[1] Brookshire filed a motion for summary judgment, asserting there was ample evidence that Ms. McCain knew how to properly operate the Amigo, which was demonstrated by her proper operation of the cart up to the point at which the cart lurched forward and struck Ms. McManus. This, Brookshire contended, demonstrated that there was no causal relationship between any lack of instruction or supervision, or failure to convey the manufacturer-supplied warnings, and the accident. The trial court agreed with Brookshire's position and granted summary judgment.

ANALYSIS
An appellate court reviews a grant of summary judgment de novo, applying the same standards as would a trial court. Schroeder v. Bd. of Sup `rs. of La. State Univ., 591 So.2d 342 (La.1991). Summary judgment is governed by La.Code Civ.P. arts. 966 and 967. Article 966, as amended by Act 483 of 1997, provides that while the burden of proving entitlement to summary judgment rests with the mover, if the mover will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential facts of the adverse party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Hardy v. Bowie, 98-2821 (La. 9/8/99), 744 So. 2d 606.
The shifting of the burden of production, i.e., producing evidence to demonstrate that a material factual issue exists when the non-moving party bears that burden of proof at trial, applies to this case, as the McManuses would bear the burden of proving Brookshire's negligence at trial. In opposition to Brookshire's motion, plaintiffs offered the deposition of Mr. Dennis Slater, the Safety and Maintenance Manager for Brookshire. Mr. Slater testified that Brookshire does not instruct store managers or personnel on the proper use of the Amigo. He recalled that Brookshire was sued before for an accident involving a motorized cart. He was unaware of anyone who would instruct customers on the proper operation of the carts. He also testified about the relative ease with which one can determine how easy the carts are to properly operate.
Plaintiff also offered the deposition of Ms. Betty Thieme, Vice President and Secretary of Amigo. Her testimony, to the extent it was pertinent to the motion filed by Brookshire, centered on the warnings and instructions that are permanently attached in written and pictographic form on the cart.
Brookshire offered the depositions of Ms. and Mr. McManus. Ms. McManus testified that she was struck by Ms. McCain while her back was turned. She does not know what caused the accident. She only realized that Ms. McCain was behind her because she heard Ms. McCain state that she was having difficulty moving her items from the cart's basket to the checkout conveyor. Ms. McManus assisted Ms. McCain, turned to leave and was struck by the cart.
Mr. McManus testified that he was aware that Ms. McCain was behind him and his wife in the checkout line. He had seen Ms. McCain during the course of his shopping and opined that Ms. McCain was operating the cart "a little fast" along one of the aisles. However, he thought she was operating the cart appropriately. He also observed her in the checkout line behind his wife. Ms. McCain waited behind the McManuses for several minutes while they checked out. The following day, Ms. McCain called Mr. McManus and asked about Ms. McManus's condition. During the course of this conversation, Ms. McCain stated that her walking cane, which was in the basket of the cart, had engaged the motor while she was removing it from the basket.
Thus, Mr. McManus testified that Ms. McCain was operating the Amigo at what he thought was a somewhat fast pace, but otherwise appropriately. He also testified that she was behind his wife in the checkout line. She was, thus, able to operate the vehicle with sufficient skill that she completed her shopping, maneuvered the cart into the checkout line, and brought it to a complete stop safely behind Ms. McManus.
We find the Fifth Circuit Court of Appeal's decision in Reinhardt v. Great Atlantic & Pacific Tea Co., 02-319 (La.App. 5 Cir. 9/30/02), 829 So.2d 600, to be persuasive. In Reinhardt, the plaintiff was in the checkout line. An elderly customer in a motorized shopping cart was placing her groceries onto the conveyor when the cart's motor engaged and the cart struck plaintiff. The plaintiff testified that the customer stated at the scene that her shirt sleeve was caught in the controls, resulting in the cart lurching forward. The grocer filed a motion for summary judgment that was granted by the trial court. Plaintiff appealed.
The fifth circuit employed duty-risk analysis and came to the conclusion that summary judgment was properly granted. Assuming the store had a duty to instruct patrons on the operation of the cart, there was no demonstrated causal relationship between its failure to do so and the accident. The explanation that the customer's shirt sleeve inadvertently activated the controls bore no relationship between a failure to instruct the patron on the cart's operation and the accident.
We see no distinction between a shirt sleeve and a walking cane.
The McManuses also contend that Brookshire's failure to supply patrons who operate the Amigos with the instructions manuals constitutes negligence on Brookshire's part. We disagree. It is entirely unreasonable to expect that Brookshire would bar patrons who have not scoured the instruction manual from operating the carts. It is equally unreasonable to expect the patrons to study the manuals before operating the carts. The motorized carts are designed for ease of operation.
The McManuses point to that provision of the operators' manual that warns users to turn off the cart when stopped or getting on or off the cart. That differs from the admonition on the warning plate that advises users to turn off the cart when getting on or off the unit. Ms. Thieme testified that the advice contained in the operators' manual is not correct, and that it would not be reasonable for patrons to turn off the unit every time they stop. We agree.
We find that Brookshire owed no duty to supply the operators' manual to patrons, given that the instructions are clearly stated on the permanently-attached warnings plates. Those warning plates advise operators to read all instruction before use. A customer who is not clear about how to operate the cart can ask to see the manual. Stores are not the insurers of the safety of their patrons. Cusimano v. Wal-Mart Stores, Inc., 04-0248 (La.App. 1 Cir. 2/11/05), 906 So.2d 484.
The McManuses alleged in opposition to the motion for summary judgment that Brookshire breached its duty to them in failing to adequately supervise patrons operating the Amigos. However, they did not brief this issue nor assign it as error; accordingly, we will not address that contention.

CONCLUSION
The evidence before the court convinces us that the trial court correctly granted summary judgment in favor of Brookshire. There was no showing of a causal relationship between the accident and Brookshire's failure to instruct patrons on the use of the motorized shopping cart. Brookshire owed no duty to require patrons to read the operator's manual of the cart prior to use, when the instructions were clearly communicated on the unit.
Costs of this appeal are taxed to appellants, Jackie and Jesse McManus.
AFFIRMED.
NOTES
[1] The McManuses later amended to add Amigo Mobility International, Inc., the manufacturer, as a defendant.