EDWARD A. DUFRESNE, JR., Chief Judge.
 

 12This is an appeal by Ella Pinkins and Sharon Miller Davis, as the mother and administrator respectively of the minor child Terrielle Winston, plaintiffs-appellants, from a summary judgment in favor of The Home Depot, Inc., defendant-appel-lee, in this action arising from a shopping cart incident. For the following reasons, we affirm that judgment.
 

 The basic facts as alleged in the petition are as follows. Ella Pinkins and Terrielle Winston were in a check-out line at a Home Depot store. Another customer was pushing a lumber cart and it ran into the plaintiffs. Plaintiffs further asserted that Home Depot was liable for a number of reasons including its failure to train customers in the proper use of the carts, failure to place proper warnings on carts, and failure to inspect the carts.
 

 After taking Pinkins’s deposition, Home Depot moved for summary judgment, which was granted. This appeal followed.
 

 Summary judgment shall be granted when the pleadings, depositions, answers to interrogatories, and affidavits, if any, show that there is no genuine issue as to any material fact and that the mover is entitled to judgment as a matter |sof law. La.Code Civ.Pro. Art. 966 B. That article further provides that when the mover -will not bear the burden of proof at trial it is sufficient to point out to the court that there is an absence of support for one or more of the essential elements of the adverse parties’ claim. Art. 966 C(2). Moreover, in
 
 Elmwood MRI, Ltd. V. Paracelsus Pioneer Valley Hosp., Inc.,
 
 01-764 (La. 5 Cir. 12/26/01), 806 So.2d 748, this court reiterated the established jurisprudence that nonmoving parties may not simply rely on the allegations of their petition to oppose the motion, but must produce factual support sufficient to establish that they will be able to satisfy their burden of proof at trial. If the party fails to do so, there is no genuine issue of material fact and summary judgment should be granted.
 

 In the present case, Home Depot urged in its motion for summary judgment that plaintiffs could not show any breach of duty owed, or that any of its actions or inactions were a cause in fact of the inci
 
 *1004
 
 dent. It cited
 
 Jackson v. Home Depot, Inc.,
 
 2004-1653 (La.App.l Cir. 6/10/05), 906 So.2d 721, and
 
 Reinhardt v. Great Atlantic & Pacific Tea Co., Inc.,
 
 02-319 (La.App.5 Cir. 9/30/02), 829 So.2d 600, for the legal proposition that where a patron in a check-out line is injured by another customer pushing a cart there is no liability on the part of the store unless there has been some additional breach of duty, or if there is a defect in the cart or the premises. Those cases also rejected the allegations of failure to train customers in the use of carts or failure to warn customers about their use.
 

 In response, plaintiffs failed to produce any evidence whatsoever which would show that they could prevail at trial. In this circumstance, summary judgment was properly granted.
 

 As a final matter, plaintiffs assert that they were not properly served with the motion for summary judgment. The sheriffs return in the record shows that service was in fact made on their attorney. This assignment is without merit.
 

 j4For the foregoing reasons the summary judgment of the district court dismissing the suit against The Home Depot with prejudice is hereby affirmed.
 

 AFFIRMED.